WILLIAM A. BATCHELOR *et al.*, Appellants, *vs.* JOHN B. BATCHELOR, Executor, Appellee.

JUNE 6, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Exceptions.   Procedure.*

Appellants filed notice of their intention to prosecute a bill of exceptions. Appellee without having filed notice of his intention so to do also filed a

bill of exceptions. Both bills of exceptions were heard and allowed. At this hearing appellants' attorney appeared and objected to the allowance of appellee's bill.

*Held*, that the procedure had with reference to the appellants' bill of exceptions had no relation to the procedure required by the statute as to the appellee's bill and bill of appellee would be dismissed.

PROBATE APPEAL. Heard on motion to dismiss appellee's bill of exceptions and granted.

PARKHURST, J. The above entitled case, which is a probate appeal from the probate court of the city of Woonsocket, admitting to probate as and for the last will and testament of Sarah J. North a certain instrument in writing purporting to be her last will and testament, was tried before Mr. Justice Sweeney and a jury in the Superior Court at its session held at Woonsocket in January, 1915, and resulted in a verdict against the will. Within the proper time after the verdict the appellee filed a motion for a new trial, which, after a hearing, was granted by Mr. Justice Sweeney. To the granting of this motion the appellants duly took exception and filed notice of their intention to prosecute a bill of exceptions to this court, which they afterwards did, and said bill of exceptions is now pending herein. The appellee without having at any time filed notice of his intention so to do also filed a bill of exceptions in the Superior Court and procured its allowance therein and afterwards brought the same to this court, based upon certain exceptions taken during the course of the trial; and the appellants have moved to dismiss the same because of the failure of the appellee to file notice of his intention to prosecute said bill of exceptions as provided in Section 17 of Chapter 298 of the General Laws of Rhode Island, 1909.

At the time that the appellants' bill of exceptions was heard for allowance, the appellee's bill was also heard. At this hearing the appellants' attorney appeared in behalf of their bill and entered an objection to the allowance of the appellee's bill upon the specific ground of the failure of the appellee to file notice of his intention to prosecute a bill

of exceptions, and this objection and the appellants' exception to the allowance are noted upon the papers.

(1) The procedure to be followed in presenting and perfecting a bill of exceptions is set forth with precision in Section 17, Chapter 298 of the General Laws of Rhode Island, and one of the steps prescribed to "any person or party who has taken exceptions in the Superior Court" is that within a fixed time "he shall file in the office of the clerk of the Superior Court notice of his intention to prosecute a bill of exceptions to the Supreme Court, together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required " . . . The second clause of Section 17 then provides for the fixing by the judge of the Superior Court of the time for filing transcript and bill of exceptions and subsequent sections provide for further procedure.

The appellee at no time filed such notice of intention to prosecute his bill of exceptions, nor did any of the other things required as stated above; and the appellants have filed their motion to dismiss the appellee's bill of exceptions, as above stated.

The various steps of the procedure prescribed by Section 17 have by this court been treated as prerequisites essential to the jurisdiction of this court to hear and determine questions raised by bills of exceptions. In *Smith* v. *Haskell Mfg. Co.*, 28 R. I. 91, the court quotes with approval this language from *Haggelund* v. *Oakdale Mfg. Co.*, 26 R. I. 520, at p. 523: "We have no jurisdiction to hear a petition for a new trial unless presented as provided by law," and says with respect to it, "This statement is equally applicable to a bill of exceptions. If any fundamental requisite has been omitted, or if an attempt has been made to substitute in its place something just as good, as the saying is, it is proper to point out the defect in the motion to dismiss."

In *Hartley* v. *Rhode Island Co.*, 28 R. I. 157, the court treats the bringing of a bill of exceptions as a privilege which

can be availed of only by complying strictly with all the terms thereof, and, in view of the fact that the parties have already had their day in court, says, "a strict construction of statutes relating to bills of exceptions everywhere prevails."

The notice of an intention to prosecute a bill of exceptions is prescribed in said Section 17, and the time for filing the bill of exceptions is fixed in paragraph "second" with reference to date of filing the notice. Unless, therefore, the notice is held to be a prerequisite there is and can be no time fixed by the court for the filing of transcript of evidence and bill of exceptions; there is nothing to set the machinery of the court in motion so that a bill of exceptions can properly be filed for allowance.

The right of both parties to bring bills of exceptions is recognized in *First Baptist Society* v. *Wetherell*, 29 R. I. 331, and *Carr* v. *American Locomotive Company*, 31 R. I. 234, but in both of these cases proper notices of intention to prosecute exceptions were duly filed by the parties.

The appellee in substance seems to argue that the time limit for filing a bill of exceptions on the part of the appellee is fixed by the date of the filing of a notice by the appellants, and that such a notice inures to his benefit. This argument is met and refuted in *First Baptist Society* v. *Wetherell*, 29 R. I. 331, where the court says, p. 333: "And to state that the time allowed to the defendant inured to the benefit of the plaintiff is to say that the court may amend the statute." It is plain that the procedure had with reference to the appellants' bill of exceptions has no relation to the procedure required by the statute as to the appellee's bill of exceptions.

*Moore* v. *Stillman*, 28 R. I. 483, is not an authority in favor of the appellee. In that case the court held that the notice of the filing of the bill of exceptions under the then existing Rule 32 of the Superior Court might be waived and had been waived if the opposing party appeared by attorney at the hearing for the allowance of the bill of exceptions and neglected to object specifically to this omission. In the

case at bar the appellants appeared at the hearing for the allowance of their own bill of exceptions, which hearing was also for the allowance of the appellee's bill of exceptions, and objected specifically to the allowance of the latter upon the ground of the failure to file notice as required by law, and this objection as well as an exception to the allowance is noted upon the papers.

The case of *Gladding* v. *Union R. R. Co.*, 25 R. I. 122, is not an authority in support of the appellee's position. It related to the practice on petitions for a new trial, under Chap. 250 of the Gen. Laws of R. I. (1896); since that case was decided a new system of courts and procedure has been adopted, and the practice relating to bills of exception which was formulated in the Court and Practice Act of 1905 and now appears in Gen. Laws of R. I. (1909), Chap. 298, Sec. 17 *et seq.* is not to be governed by the practice formerly followed or allowed with relation to petitions for new trial.

The appellee's bill of exceptions is dismissed as prayed in the motion filed by the appellants.

*Greene & Rousseau, Herbert L. Carpenter*, for appellants.
*Charles H. McFee, James H. Rickard, Jr.*, for appellee.